

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ULISES MARTINEZ-GARCIA, | § | No. 08-23-00128-CR |
| Appellant, | § | Appeal from the |
| v. | § | 379th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2022-CR-6976) |

## MEMORANDUM OPINION[1]

A jury convicted Appellant Ulises Martinez-Garcia of aggravated assault against a public-servant and sentenced him to 13 years' imprisonment in the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. § 22.02(a), (b)(2)(D). On appeal, Martinez-Garcia's counsel has filed a motion to remand to the trial court to determine competency, and an *Anders* brief in support of a motion to withdraw.[2] We deny the motion to remand for a competency examination. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

---

[1] This case was transferred from the Fourth Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001. We follow the precedent of that court to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

[2] *Anders v. California*, 386 U.S. 738, 744 (1967).

## BACKGROUND

Martinez-Garcia was indicted on one count of aggravated assault with a deadly weapon against a security officer. The case proceeded to a jury trial where the State presented evidence through the testimony of six witnesses along with admission of exhibits including surveillance videos, cell phone videos, a 911 call, a body-worn camera video, multiple photographs, and a knife recovered from the scene. Additionally, Martinez-Garcia testified in his own defense. At the conclusion of the guilt-innocence phase, the jury returned a verdict of guilty. After the punishment phase, the jury sentenced Martinez-Garcia to 13 years' confinement. The trial court entered a judgment of conviction in accordance with the jury's verdict.

## FRIVOLOUS APPEAL

Martinez-Garcia's first appointed appellate counsel filed an *Anders* brief that only reviewed the trial testimony of Martinez-Garcia before determining the evidence at trial was sufficient to support his conviction. Having been provided with a copy of that brief, Martinez-Garcia then filed his own pro se brief asserting he should have been given a competency hearing prior to his trial. We determined the purported *Anders* brief was formally deficient and we struck the brief. We abated the case and remanded to the trial court to appoint new appellate counsel.

Martinez-Garcia's second appointed appellate counsel also filed an *Anders* brief and a motion to withdraw. Prior to his filing of this brief, however, Martinez-Garcia's counsel filed a motion to remand to the trial court to conduct a competency examination. As grounds, counsel contends the record "fails to shed light on [Martinez-Garcia's] competency or lack thereof." The State argues in response that a competency challenge cannot be raised or considered for the first time on direct appeal. *Morris v. State*, 301 S.W.3d 281, 290 (Tex. Crim. App. 2009) ("Texas' competency statutes allow competency to be raised, by either party or the judge, at any time before

2

sentence is pronounced."). Because the record shows that competency was not raised before sentence was pronounced, we deny the motion to remand for a competency hearing.

As for counsel's *Anders* brief, it appears with citations to the record and to legal authority, contains a professional evaluation of the record, and it explains why no arguable points of error exist for review. *Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Counsel concludes this appeal is frivolous and without merit. We first determine that the brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744–75; *High*, 573 S.W.2d at 812–13. Counsel also provided Appellant with a copy of the brief, advised him of his right to examine the record and file a response, and advised him of his right to seek discretionary review in the Texas Court of Criminal Appeals should this Court conclude his appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellant has not responded to the *Anders* brief filed by his second appointed appellate counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008).

When this Court receives an *Anders* brief asserting no arguable grounds for appeal exist, we must independently review the record to determine whether the appeal is wholly frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439 (1988). Having reviewed the entire record of this appeal, the *Anders* brief, and Martinez-Garcia's pro se brief, we conclude there are

no arguable grounds for appeal and the appeal is wholly frivolous and without merit.[3] *In re Schulman*, 252 S.W.3d at 408–09.

Accordingly, we affirm the trial court's judgment and grant appellate counsel's motion to withdraw.

## FURTHER REVIEW

Although no substitute counsel will be appointed, Martinez-Garcia may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review through a retained attorney or by representing himself. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days from the date of either: (1) this opinion; or (2) the last timely motion for rehearing or motion for en banc reconsideration that is overruled by this Court. *See* Tex. R. App. P. 68.2, 68.3(a). The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

## CONCLUSION

We deny the motion to remand for a competency examination. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

GINA M. PALAFOX, Justice

June 11, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[3] Appellant's pro se brief claims he was suicidal before his trial. However, there is no evidence of him being suicidal in the record of the trial court. Even still, suicidal tendencies do not automatically trigger a competency inquiry. *See Kapperman v. State*, No. 01-20-00127-CR, 2022 WL 3970081, at *30 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op.) ("A defendant's mental illness or suicidal thoughts, without evidence from a credible source that he cannot rationally understand the proceedings against him or that he cannot engage rationally with counsel in the pursuit of his own best interest, does not amount to a suggestion of incompetency.").

(Do Not Publish)